IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Philip Douglas Jacobs,
et al.,

    Plaintiffs,          Case No. 2:08-cv-713

  v.                            JUDGE MARBLEY

Ohio Department of
Rehabilitation and Correction,

    Defendants.

<u>OPINION AND ORDER</u>

    This matter is before the Court to consider the Report and Recommendation issued by the Magistrate Judge on June 30, 2009. (#41). The Magistrate Judge recommended that this Court grant the motion to dismiss filed by defendants Strickland, Ohio Department of Rehabilitation and Correction, Collins, and Reveal (#26) and the amended motion to dismiss filed by defendants Keefe Commissary Network (Access Securepak), Puricell, Bosco, Sawin, and Nichols (#17). The Magistrate Judge further recommended that the plaintiff's motions for prospective injunctive relief or for restraining order (#20) and for preliminary injunction against defendant Collins (#27) be denied. On July 7, 2009, Phillip Douglas Jacobs, the plaintiff herein, filed objections (#45) to the Report and Recommendation. On July 24, 2009, defendants Strickland, ODRC, Collins, and Reveal filed a memorandum in opposition to plaintiff's objections. For the following reasons, the Court will overrule each of the objections and adopt the Report and Recommendation in its entirety.

                                      I.

    When objections are received to a Magistrate Judge's report and recommendation on a dispositive matter, the district judge

"shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed.R.Civ.P. 72(b).  After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B).

## II.

In his original pro se complaint, Mr. Jacobs, a state prisoner incarcerated at the Marion Correctional Institution, claimed that, while he was incarcerated at the North Central Correctional Institution, the defendants violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§1961-1968, and his constitutional rights under 42 U.S.C. §1983.  Mr. Jacobs is currently incarcerated at the Marion Correctional Institution.

The Magistrate Judge determined that the Eleventh Amendment bars the prosecution of Mr. Jacobs's RICO claim for money damages against the defendants acting in their official capacities and that to the extent the defendants acted in their official capacities, they are not liable for damages resulting from their alleged violation of Mr. Jacobs's constitutional rights under §1983.  The Report and Recommendation stated that because Mr. Jacobs made no factual allegations demonstrating that any of the defendants arrived at a meeting of the minds or engaged in any acts with the purpose of depriving him of a federal constitutional right, he has failed to state a claim of conspiracy under §1983.  The Magistrate Judge also concluded that Mr. Jacobs failed to state a claim under RICO upon which relief can be granted because the damages he claims to have suffered are not recoverable under civil RICO.

## III.

In his objection to the Report and Recommendation, Mr.

Jacobs states that he has been "[un]able to respond due to tactics by other defendants of freezing his spending account" which included preventing him from "purchasing stamped envelopes, doing copying, mailing out legal mail or having any access to the courts." (Objections at ¶3 and ¶2). A prisoner's right of access to the courts has been a well-established constitutional right at least since the decision of the United States Supreme Court in <u>Bounds v. Smith</u>, 430 U.S. 817 (1977). However, the prisoner must be able to show that he suffered prejudice to his right of access to the court. <u>Boswell v. Mayer</u>, 169 F.3d 384, 387 (6th Cir. 1999). Mr. Jacobs cannot show that the defendants completely denied him access to the courts, since he was able to file his objections to the Report and Recommendation well within the time period for filing such objections.

Mr. Jacobs, in his objection, incorrectly relies on <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985) for the proposition that the Eleventh Amendment does not bar injunctive relief. (Objections at ¶4). The Supreme Court noted that "local government units can be sued directly for damages and injunctive or declaratory relief. However, unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought." <u>Id.</u> at 167 n.14 (internal citations omitted). Mr. Jacobs has not filed suit against a local government but against ODRC, a department of the State of Ohio. In the Report and Recommendation, the Magistrate Judge correctly explained that "the State of Ohio has not consented to suit in federal court [and] the enactment of RICO did not act as an express statutory waiver of the State's immunity." (Report and Recommendation at 5) (citing <u>Akbar-El v. Ohio Dept. of Corrections</u>, 124 F.3d 196 (table), 1997 WL 579160 at *1 (6th Cir. Sep. 17, 1997)).

The Eleventh Amendment does not bar suits against state

3

officers for injunctive relief.  Ex parte Young, 209 U.S. 123
(1908).  However, to the extent Mr. Jacobs sought injunctive
relief against the defendant state officials regarding the
allegedly unlawful conduct at NCCI which formed the basis for his
complaint, his claims are moot since he is no longer incarcerated
there.  See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

    Mr. Jacobs also refers to case no. 2:09-cv-282 and attempts
to incorporate by reference the facts as stated in that case to
demonstrate that he is entitled to injunctive relief in this
case. (Objections at ¶5).  The Court has already denied Mr.
Jacobs's motion for consolidation (#20) with case no. 2:08-cv-680
because the two cases do not involve common questions of law and
fact.  Case no. 2:08-cv-282 also does not involve common
questions of law and fact with the present case.  The present
case is a civil RICO case and case no. 2:09-cv-282 is a 42 U.S.C.
§1983 case alleging that the defendants have interfered with Mr.
Jacobs's legal mail.  Whether Mr. Jacobs is entitled to
injunctive relief in that case has no bearing on whether he is
entitled to injunctive relief in the present case.

    Mr. Jacobs also objects because he believes he is entitled
to entry of default judgment or sanctions for failure of the
Keefe defendants to make service of their answer.  In his Order,
the Magistrate Judge denied Mr. Jacobs's motion for sanctions
(#35) because the docket reflects that the Keefe defendants filed
a timely answer (#14) and filed a notice of service (#34) of
their amended answer upon Mr. Jacobs at the Marion Correctional
Institution.  Mr. Jacobs was not "prejudiced in preparing and
presenting his defense" (Objections at ¶7) because at that time
there were pending motions to dismiss and Mr. Jacobs filed
responses to those motions within the time allowed by the Court
(#29).  Further, Mr. Jacobs already filed an application for
entry of default judgment against the Keefe defendants with the

Clerk (#31) which the Clerk declined to enter.  These circumstances demonstrate that Mr. Jacobs is not entitled to sanctions or an entry of default judgment against the Keefe defendants for failure to make service of their answer.  See Marshall v. Bowles, 92 Fed.App'x 283, 285 (6th Cir. 2004)(district court did not abuse its discretion in denying motion for default judgment where plaintiff failed to allege that she suffered any prejudice from delay in filing answer, her claims lacked merit, and amount of money at stake was substantial).

Mr. Jacobs further objected that he was "prejudiced in preparing and presenting his defense due to inordinate delay" allegedly caused by the defendants in case no. 2:09-cv-282. (Objections at ¶7).  As the Court has already explained this is not a valid ground for objecting to the Report and Recommendation.

IV.

Based on the foregoing reasons, the Court overrules Mr. Jacobs's objections (#45) and adopts the Magistrate Judge's Report and Recommendation (#41)in its entirety.  Accordingly, the Court **GRANTS** the motion to dismiss filed by defendants Strickland, ODRC, Collins, and Reveal (#26) and the amended motion to dismiss filed by defendants Keefe Commissary Network, Puricell, Bosco, Sawin, and Nichols (#17).  Mr. Jacobs' claims against these defendants are therefore **DISMISSED** for failure to state a claim upon which relief can be granted.  Further, the Court **DENIES** Mr. Jacobs' motions for prospective injunctive relief or for restraining order (#20) and for preliminary injunction against defendant Collins (#37).

                                  s/Algenon L. Marbley
                                  Algenon L. Marbley
                                  United States District Judge